### Staunton.

SANDS, COMMISSIONER, ETC., v. MOORE, AUDITOR.

September 11, 1916.

1. STATUTES—*Acts of 1914, p. 707—Constitutional Law.*—The act of March 27, 1914 (Acts 1914, p. 707), fixing the maximum amount of compensation of certain officers is not in conflict with section 52 of the Constitution of this State, nor invalid for any other reason.

2. EXAMINERS OF RECORDS—*Compensation—Acts 1914, p. 707.*—Sec. 10 of act of March 27, 1914 (Acts 1914, p. 707), declaring that "the provisions of this act limiting the compensation of said officers shall not be effective until the expiration of the terms of office of the present incumbents in cities having a population of one hundred thousand inhabitants or more" applies to the office of examiner of records of the Tenth Judicial District, which office is held by the petitioner.

Original application for a writ of mandamus.

*Writ Awarded.*

The act referred to and construed in the opinion of the court is an act to fix the maximum amount of compensation of certain officers until action can be taken upon the report of the commission appointed by the act to consider the compensation of such officers. Section 10 of the act referred to in the opinion is as follows:

"Provided, however, that the provisions of this act limiting the compensation of said officers shall not be effective until the expiration of the terms of office of the present incumbents in cities having a population of one hundred thousand inhabitants or more."

Section 52 of the Constitution is as follows:

"No law shall embrace more than one object, which shall be expressed in its title; nor shall any law be

revived or amended with reference to its title, but the act revived or the section amended shall be re-enacted and published at length."

*A. H. Sands* and *L. M. Bazile*, for the petitioner.

*Jno. Garland Pollard, Attorney-General,* and *Leslie C. Garnett, Assistant Attorney-General,* for the respondent.

*By the Court:*

This day came again the parties, by counsel, and the court having maturely considered the petition of the plaintiff, the exhibits therewith, the answer of the respondent, and the arguments of counsel, is of opinion that the act of March 27, 1914, (Acts 1914, page 707) is not in conflict with section 52 of the Constitution of the State of Virginia, as alleged in said petition, nor invalid for any other reason assigned therein; but the court is further of opinion that section 10 of the act aforesaid applies to the office held by petitioner; and it is, therefore, adjudged and ordered that a peremptory writ of mandamus do forthwith issue, directed to C. Lee Moore, Auditor of Public Accounts, commanding and requiring him to at once issue to the said William H. Sands, commissioner in chancery, and examiner of records of the tenth judicial district a warrant for the sum of $739.38, as prayed for in said petition; but no costs shall be taxed against the respondent.

And it is further ordered that service of a copy of this order upon the respondent shall have the same force and effect as if a formal peremptory writ of mandamus was duly issued and served according to law.

*Writ Awarded.*